*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DARLENE R., | ) | |
| | ) | Supreme Court No. S-15133 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-11-00022 CN |
| | ) | and 4FA-11-00023 CN |
| v. | ) | |
| | ) | |
| STATE OF ALASKA, | ) | MEMORANDUM OPINION |
| DEPARTMENT OF HEALTH & | ) | AND JUDGMENT* |
| SOCIAL SERVICES, OFFICE OF | ) | |
| CHILDREN'S SERVICES, | ) | No. 1483 - March 12, 2014 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Douglas Blankenship, Judge.

Appearances: David Katz, Frontier Law Group, LLC, Anchorage, for Appellant. Kathryn R. Vogel, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

---

\*       Entered under Alaska Appellate Rule 214.

1.	Darlene R.[1] appeals the trial court's decision terminating her parental rights to her two children, who are Indian children for purposes of the Indian Child Welfare Act.[2]  Darlene's sole argument on appeal is that the trial court erred by finding that the State Office of Children's Services (OCS) made active efforts to prevent the breakup of her family.[3]

2.	"In evaluating whether [OCS] has met its active efforts burden, we look to the state's involvement in its entirety."[4]  "The parent's willingness to cooperate is relevant to determining whether the state has met its active efforts burden . . . ."[5]  And "a parent's demonstrated lack of willingness to participate in treatment may be considered in determining whether the state has taken active efforts."[6]

3.	In order to satisfy her case plan, Darlene was required to submit to a mental health evaluation and successfully complete all recommended treatment. Darlene submitted to a psychological evaluation, and the evaluator concluded that Darlene needed treatment with a therapist experienced with personality disorders.  But the evaluator also opined that Darlene was not motivated to engage in therapy because she did not believe that she had any issues to work on.  OCS then referred Darlene to an

---

[1]	A pseudonym is used to protect the privacy of the family.

[2]	25 U.S.C. §§ 1901-1963 (2006).

[3]	*See* 25 U.S.C. § 1912(d).

[4]	*Jon S. v. State, Dep't of Health & Soc. Servs.*, 212 P.3d 756, 763-64 (Alaska 2009) (internal quotation marks and citation omitted).

[5]	*Id.* at 763.

[6]	*Maisy W. v. State, Dep't of Health & Soc. Servs.*, 175 P.3d 1263, 1268 (Alaska 2008) (internal quotation marks and citation omitted).

experienced therapist, but Darlene repeatedly denied that she had any issues requiring therapy.

4.     Darlene argues that OCS failed to inform her therapist of the evaluator's opinion that Darlene might benefit from Dialectical Behavioral Therapy. But OCS provided a therapist who was experienced with such therapy. And the therapist testified that further information would not have changed the outcome: she could not provide appropriate treatment unless Darlene could identify some issues to work on. We conclude that OCS made active efforts to prevent the breakup of Darlene's family by providing appropriate treatment, but Darlene did not complete the treatment that OCS provided.

5.     We AFFIRM the superior court's order terminating parental rights.